```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT
```

United States of America     :
                             :
     v.                      :     File Nos. 2:95-CR-72
                             :                2:02-CR-23
William Greer                :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Paper 837)
### (Paper 84)

Defendant William Greer has a filed a motion entitled "Nunc Pro Tunc Motion and/or Motion Under 18 U.S.C. § 2255 For Modification of Sentence" in which he is challenging the restitution portion of his sentence.[1] Specifically, Greer claims that the Court improperly delegated to the Bureau of Prisons ("BOP") the responsibility for establishing a payment schedule.  The government has opposed the motion, arguing (1) that the requested relief is not available under § 2255, and (2) that the BOP is authorized to collect fines and establish repayment plans when restitution is ordered "due immediately" at sentencing.  For the reasons set forth below, I recommend that Greer's motion not be deemed a § 2255 motion, and that the motion be DENIED for lack of

---

[1] Greer filed the identical motion in each of the above-captioned cases.

merit.

## Factual Background

Greer and several co-defendants were convicted in 1997 for engaging in a conspiracy to import hashish into the United States.  On January 27, 1999, Greer was sentenced to 324 months in prison.  Greer appealed his sentence, and the case was remanded for re-sentencing in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  On November 6, 2002, Greer pleaded guilty to additional drug trafficking charges.  On March 14, 2003, at a consolidated sentencing pertaining to both his 1997 and 2002 convictions, Greer was again sentenced to significant time in prison.  He was also ordered to pay a fine of $500,000 "due immediately" with any unpaid amounts to become a condition of his supervised release.  (Papers 807 and 70).  Greer did not appeal his sentence.

In his current motion, Greer claims that he has entered into an Inmate Financial Contract pursuant to the BOP's Inmate Financial Responsibility Program ("IFRP").  This program, Greer contends, violates federal law because it impermissibly delegates the scheduling of installment payments or fines to the BOP.  Greer also

argues that § 2255 is the proper vehicle for his claim since a refusal to participate in the IFRP can result in the denial of privileges while he is in prison. For relief, Greer requests re-sentencing "to provide for a schedule of payment for the fine."

<u>Discussion</u>

The first issue for the Court to determine is whether to accept Greer's characterization of his motion as a § 2255 filing. See <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003) (federal courts need not adhere to the legal label a *pro se* litigant attaches to his motion). Some courts have construed challenges to the scheduling of payments under the IFRP as challenges to the validity of the sentence, and therefore permissible under § 2255. See <u>Matheny v. Morrison</u>, 307 F.3d 709, 711 (8th Cir. 2002); <u>Hudson v. True</u>, 1999 WL 1285832, at * 2 (D. Kan. Dec. 23, 1999). The Second Circuit, however, has limited § 2255 to cases where the prisoner is challenging his custody. See <u>Kaminski v. United States</u>, 339 F.3d 84, 87 (2d Cir. 2003).

In <u>Kaminski</u>, the defendant brought a § 2255 challenge to both his prison sentence and the restitution

portion of his sentence.  With respect to the restitution order, the Second Circuit followed other circuits in holding that

> § 2255 may not be used to bring collateral challenges to noncustodial punishments like the one at issue here.  See Blaik v. United States, 161 F.3d 1341, 1343 (11th Cir. 1998) ("[Section] 2255 cannot be utilized by a federal prisoner who challenges *only* the restitution portion of his sentence because § 2255 affords relief only to those prisoners who 'claim[ ] the right to be released' from custody." (emphasis added) (second alteration in original)); see also United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (same).  We agree with these circuits because the language of § 2255 is best read as requiring a challenge to custody. But more fundamentally, we agree with them also because collateral challenges have historically been permitted through habeas only when an interest as compelling as freedom from custody is at stake.

Kaminski, 339 F.3d at 87.  The Kaminski court also discussed, but did not resolve, the question of whether a restitution order might restrain liberty so severely that it would constitute a form of custody.  Id. at 87.[2]  Because this question has not been resolved by the Second Circuit, the Court should follow Kaminski's broad holding

---

[2] The Kaminski decision did state that ordering payment of ten percent of monthly income or $100 "plainly does not come close to [being] . . . such a restraint on the liberty of a petitioner as to amount to custody . . . ." Id.

4

and decline to construe Greer's filing as a motion under § 2255.  Id.; see also United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (citing cases) ("§ 2255's language clearly and unambiguously limits its applicability to defendants seeking release from custody. It is not available to those, like the defendant, who challenge only fines or restitution orders."); Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997); United States v. Michaud, 901 F.2d 5, 7 (1st Cir. 1990) (monetary fine does not amount to custody).

Regardless of the form of Greer's motion, his argument is without merit.  Greer contends that the sentencing court is required, under 18 U.S.C. § 3572(d)(1), to control the schedule of restitution payments.  In support of his argument he cites United States v. Workman, 110 F.3d 915, 918 (2d Cir.), cert. denied, 520 U.S. 1281 (1997), in which the sentencing court delegated the partial payment of a $1,000 fine to the BOP.  The Second Circuit held that this delegation was impermissible under § 3572, which states in relevant part: "'[i]f the court provides for payments in installments, the installments shall be in equal monthly

payments provided by the court, unless *the court* establishes another schedule.'" Workman, 110 F.3d at 919 (quoting 18 U.S.C. § 3572(d)) (emphasis in original).

In Greer's case, the Court did not order payment of restitution in installments. Instead, the Court ordered payment of the fine "due immediately." Consequently, there was no delegation of authority to the BOP, and the Workman holding does not apply. See Solis v. Menifee, 2000 WL 1401633, at *1 (S.D.N.Y. Sept. 25, 2000) (Workman "has no application where (as here) a district court imposes a fine and elects *not* to establish a schedule of payment, but instead makes payment of the fine due immediately") (parenthetical and emphasis in original); Hudson v. True, 1999 WL 1285832, at *3 (D. Kan. Dec. 23, 1999). Moreover, with respect to the IFRP generally, the Second Circuit has held that the program "serves a valid penological objective of rehabilitation by facilitating repayment of debts," and "is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." Johnpoll v. Thornburgh, 898 F.2d 849, 850-51 (2d Cir.), cert. denied, 498 U.S. 819 (1990). Because

6

the IFRP itself has been upheld, and absent a delegation of authority by the Court, Greer's motion should be DENIED for lack of substantive merit.

## Conclusion

For the reasons set forth above, I recommend that Greer's motion not be construed as a filing under 28 U.S.C. § 2255, and that the motion (Papers 837 and 84) be DENIED for lack of merit.

Dated at Burlington, in the District of Vermont, this 24th day of January, 2006.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).